## INTERSTATE COMMERCE COMMISSION v. G. & M. MOTOR TRANSFER CO., Inc.

District Court, W. D. North Carolina, Statesville Division.

April 30, 1945.

T. Lamar Caudle, U. S. Atty., and Gregory U. Harmon, Atty., I. C. C., both of Washington, D. C., and Leo H. Pou, Atty., I. C. C., of Atlanta, Ga., for plaintiff.

York & Boyd, of Greensboro, N. C., for defendant.

WEBB, District Judge.

In this action I am called upon to construe a certificate of public convenience and necessity issued by the Interstate Commerce Commission on September 5, 1942, authorizing the defendant to transport general commodities over irregular routes; the certificate being as follows:

"From Elkin and Statesville, North Carolina, to points in Delaware, Georgia, Maryland, New Jersey, Ohio, Pennsylvania, South Carolina, Virginia, West Virginia, and the District of Columbia, and those in designated points in Tennessee and New York;

"From the above-described destination points to points in North Carolina."

The plaintiff contends and alleges that from July 21, 1944, to and including the date of the filing of the complaint, the defendant transported in interstate commerce by motor vehicle on public highways between points in the states of New York and Maryland, on the one hand, and points in the states of Georgia and South Carolina, on the other, through the Western District of North Carolina, numerous shipments of property. This allegation is admitted by the defendant, and the defendant contends that such operations were authorized by the above certificate; while the plaintiff contends that such operations were not authorized by the above certificate.

The defendant, itself not quite clear as to the interpretation of this certificate, filed a petition with the Interstate Commerce Commission asking for a clarification of the certificate, and asking for an interpretation that would allow it to engage in the operations complained of in this suit. We therefore see that the Commission was called upon to do the very thing that I am called upon to do in this action, to-wit, to construe its own certificate; and in the Commission's report in this petition in the case styled G. & M. Motor Transfer Company, Inc., Common Carrier Application No. MC—73673, of July 10, 1944, the Commission said, after reciting the facts and the defendant's contentions:

"It should be observed that operations are authorized (1) from Elkin and Statesville, N. C., to points in the District of Columbia and 11 states, not including North Carolina, and (2) from the District of Columbia and the same 11 states to points in North Carolina. There is no authority, for example, to operate from any point in New York to any point in Georgia. The certificate specified the service to be performed outbound from Elkin and Statesville and from points in the District of Columbia and 11 states to Elkin and Statesville and all other points in North Carolina. * * *

"The authority granted is set forth in clear and unambiguous terms. As stated, applicant, however would have us read into the certificate authority, for example, to transport a shipment from a New York point to a Georgia point by way of Statesville. It would do so apparently on the theory that, since it has authority to operate from a point in New York in inbound service to Statesville and in outbound service from Statesville to a point in Georgia, it may, under the two separately stated au-

thorities, interchange with itself and provide through service.

"Applicant's position is untenable. Plainly, Division 5 did not intend to grant applicant the authority it would have us find it contained in its certificate. * * * Nor is the interpretation requested warranted by the language of the certificate; rather, it would be contrary thereto. Section 208(a) of the act, 49 U.S.C.A. § 308(a), provides that we shall specify in a certificate 'the service to be rendered * * * and, in case of operations not over specified routes or between fixed termini, the territory within which, the motor carrier is authorized to operate. * * *' The words 'to' and 'from' in applicant's certificate define the territory in which it may operate. This territory may not be increased by the expedient of interpreting 'to' and 'from' a point to mean also through such point. If Division 5 had intended to grant applicant that authority, it would have done so with more appropriate language.

In this connection, we are unable to subscribe to the fiction of an interchange with oneself as authorizing an operation not otherwise authorized. * * * Under the certificate it now holds, applicant is authorized to conduct only service from and to certain base points. By proper arrangements it may be interchanged with other carriers at any point which it is authorized to serve, and the same shipment may be both received from and delivered to any other carrier, but its service as to any particular shipment must either begin or end at one of the authorized base points. * * *

"We find no merit in applicant's petition, and it therefore will be denied."

It will be seen from the above quotation from the Commission's report that it has already construed the certificate in question and denied the applicant's contention. In this suit I am of the opinion that I am bound by the Commission's construction of its own certificate, and I am of the opinion that this certificate and the construction stated by the Commission cannot be attacked collaterally, as is undertaken by the defendant. The authorities on this point are too numerous to be cited here.

I am therefore of the opinion that the defendant should be restrained from committing the acts complained of in paragraph 3 of the complaint.