### SOUTHWEST FREIGHT LINES, Inc. v. INTERSTATE COMMERCE COMMISSION.

#### No. 14117.

United States Court of Appeals
Eighth Circuit.

Sept. 1, 1950.

Clarence D. Todd, Jr., Washington, D. C. (Oscar Brewer, Kansas City, Mo., on the brief) for appellant.

Hugh E. Lillie, Attorney, Interstate Commerce Commission, Kansas City, Mo. (James A. Murray, St. Louis, Mo., and Leo H. Pou, Washington, D. C., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Southwest Freight Lines, Inc., appeals from an order enjoining it from engaging in unauthorized operations as an interstate motor carrier of freight. The judgment of the District Court was entered in a suit brought by the Interstate Commerce Commission under section 222(b) of the Interstate Commerce Act, 49 U.S.C.A. § 322(b), charging Southwest Freight Lines, Inc., with violating the authority granted in its certificate of public convenience and necessity. The case was submitted to the District Court upon an agreed statement of facts. The appellant not only admitted the commission of the acts charged by the Commission as violations of its certificate, but also its intention to continue their performance unless restrained by the District Court.

The facts and issues in the action are stated in great detail in the opinion of the District Court reported in 86 F.Supp. 587. It is sufficient to say here that the appellant is the holder of a certificate of public convenience and necessity issued by the Interstate Commerce Commission on July 29, 1948, authorizing appellant's operation over two groups of routes designated as (A) and (B). Subdivisions (A) and (B) describe certain regular route authority granted appellant. Subdivision (B) also specifies appellant's permitted irregular route operations. Appellant's irregular route authority is set forth in subdivision (B) as follows:

"Irregular Routes:

*General commodities,* with exceptions as specified in (A) above, in truckload lots,

"Between points and places on the routes specified in (A) above, on the one hand, and, on the other, points and places in Iowa, Illinois, Arkansas, Oklahoma, and Kansas."

The Commission's complaint charges eleven violations of the authority granted.

in the certificate. Typical of the violations charged is the transportation of general commodities from Collinsville, Illinois, over appellant's authorized irregular route to St. Louis, Missouri; from St. Louis, Missouri, over appellant's authorized regular route to Sedalia, Missouri; and from Sedalia, Missouri, over appellant's irregular route to Little Rock, Arkansas. Other transportations of appellant charged in the complaint show the same general pattern.

The sole question in the case is whether the appellant within the authority granted it by the Commission may transport through shipments from a point of origin in its irregular route radial territory to a point on its regular route, thence over its authorized regular route to another point thereon, and thence to a destination in another portion of its irregular route territory. In short, the only issue here is the interpretation of the certificate granted to appellant by the Commission.

■ The Federal Motor Carriers Act, 49 U.S.C.A. § 308, provides that any certificate issued by the Commission shall specify the service to be rendered and the routes over which, the fixed termini, if any, between which, the intermediate and off-route points if any, at which, and in case of operations not over specified routes or between fixed termini, the territory within which, the motor carrier is authorized to operate. The Supreme Court has held that under this section of the Act the precise delineation of area and the specification of localities which may be served by motor carriers are within the exclusive jurisdiction of the Commission. United States v. Carolina Freight Carriers Corporation, 315 U.S. 475, 480, 62 S.Ct. 722, 86 L.Ed. 971.

The Commission has granted appellant two separate and distinct operating rights. Under its regular route authority appellant may operate over specified highways between fixed termini, for example, between East St. Louis, Illinois, and Kansas City, Kansas, and between St. Louis, Missouri, and Sedalia, Missouri. Under its irregular route authority it may operate between points on its specified regular route authority "on the one hand," and points and

places in Iowa, Illinois, Arkansas, Oklahoma, and Kansas "on the other." The certificate does not in terms authorize the combination of the separate operating rights which appellant insists upon. The certificate does not specify the right which appellant insists upon exercising, that is to say, the right to transport through shipments from a point of origin in one segment of its irregular route territory to a point on its regular route where, by the plain language of the certificate, the transportation is required to end, and thence over the regular route to another point thereon, and from that point to destination in another segment of its irregular route territory.

■■ In proceedings under 49 U.S.C.A. § 322(b), the courts may not usurp the jurisdiction of the Commission by granting appellant what the Commission has denied. The appellant may not convert the present action into a direct attack on the validity of the order of the Commission evidenced by the certificate in this case. Interstate Commerce Commission v. Consolidated Freightways, Inc., D.C., 41 F.Supp. 651, 655; Interstate Commerce Commission v. G. & M. Transfer Co., Inc., D.C., 64 F. Supp. 302.

■ In the G. & M. Transfer Co. case, supra, the Commission made a formal interpretation of its certificate on the application of the holder. The court held that the Commission's interpretation of its certificate was conclusive on the court. In the circumstances of the present case, the Commission's interpretation of its certificate though less formal is no less effective. Appellant's acts which the Commission charges are in violation of its certificate are not only admitted, but the right to continue them is asserted. In this action we are not concerned with the validity of the limitations which the Commission has seen fit, in the exercise of the authority committed to it by Congress, to place upon the rights granted the appellant. Our function is at an end when it is seen what those limitations are. If appellant has been denied rights to which it is entitled, a rem-

edy is available to it in other proceedings as provided by law. 49 U.S.C.A. § 17(9); 28 U.S.C.A. § 2325.

The judgment of the District Court is affirmed.