INTERSTATE COMMERCE COM-
MISSION, Plaintiff,

v.

Charles COWAN, doing business as
Pierre Truck Line, Defendant.

Civ. A. No. 198.

United States District Court,
D. South Dakota, Central Division.

Jan. 5, 1955.

**248**

Clinton G. Richards, U. S. Atty., Sioux Falls, S. D., and Harry F. Horak, Kansas City, Mo., for plaintiff.

Warren W. May, Pierre, S. D., for defendant.

MICKELSON, District Judge.

The Interstate Commerce Commission brings this action under 49 U.S.C.A. § 322(b) to enjoin the defendant, Charles Cowan, doing business as Pierre Truck Lines, from transporting property in interstate commerce by motor vehicle until such time as the said Cowan shall have issued to him by the Commission a certificate of public convenience and necessity authorizing him to engage in such transportation.

Cowan holds a Class A motor carrier certificate of convenience and necessity issued to him by the Public Utilities Commission of the State of South Dakota, authorizing transportation of general commodities between Pierre, South Dakota and Gettysburg, South Dakota, with service to and from the intermediate points of Onida, Agar and Gorman, South Dakota, via U. S. Highways 14, 83 and 212, and claims that his operation between the aforementioned points comes within the partial exemption contained in the second proviso of Section 206(a) (1) of the Interstate Commerce Act, and 49 U.S.C.A. § 306(a) (1), the pertinent provisions of which read as follows:

"Except as otherwise provided in this section and in section 210a, no common carrier by motor vehicle subject to the provisions of this part shall engage in any interstate or foreign operation on any public highway * * *, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations; * * * And provided further, That this paragraph shall not be so construed as to require any such carrier lawfully engaged in operation solely within any State to obtain from the Commission a certificate authorizing the transportation by such carrier of passengers or property in interstate or foreign commerce between places within such State if there be a board in such State having authority to grant or approve such certificates and if such carrier has obtained such certificate from such board. Such transportation shall, however, be otherwise subject to the jurisdiction of the Commission under this part." (Emphasis supplied.)

The Commission admits that Cowan holds a certificate authorizing him to perform certain intrastate operations in the State of South Dakota and between the points hereinbefore mentioned, which certificate was submitted on May 5, 1950 to the Interstate Commerce Commission by an "Application for Registration" (Commission Form BMC 75) in accordance with the rules and regulations of the Commission, and that such presentation was made for the purpose of being able to operate as a motor carrier in interstate commerce wholly within South Dakota. In this application Cowan stated that he was employed at Pierre, South Dakota, as agent for Wilson Storage & Transfer Co., a motor carrier authorized by the Commission to operate in interstate and foreign commerce. In said form Cowan answered two interrogatories to the effect that he was not under control of another motor carrier and that his motor carrier operation was not affiliated with or under control of another motor carrier. On May 23, 1950 there was filed with the Commission an "Application for denial of registration of intrastate rights" by interested intervenors and alleging certain matters with re-

spect to the control of Cowan's operations by Wilson Storage & Transfer Co., and alleging that Cowan was not, therefore, entitled to conduct operations under the second proviso of said Section 206(a) (1). Cowan filed an answer to said application for denial of registration of intrastate rights in which he denied the allegations of fact made by said intervenors; that acting upon said matters before it the Commission issued to Cowan a notice on July 6, 1950 that because of his affiliation with Wilson Storage & Transfer Co. he was not entitled to and could not lawfully operate commerce under the second proviso of said Section 206(a) (1). Thereafter Cowan filed with the Commission an instrument stating his disagreement with the findings of the Commission and requested an opportunity to be heard. Acting upon such request the Commission reopened the proceedings and set the matter for hearing, which hearing was held on June 27, 1952. All parties were afforded an opportunity to be present and to offer evidence and the Commission, on March 4, 1953, found that the relationship between Cowan and Wilson Storage & Transfer Co. was such as to disqualify him from eligibility under the second proviso of Section 206(a) (1) of the Act and denied his application for registration. Subsequently Cowan filed with the Commission a petition for reconsideration, requesting that the entire Commission consider the matter. Thereafter on October 5, 1953 the entire Commission entered an order denying Cowan's petition for reconsideration stating therein "That the decision of March 4, 1953 is adequately supported by the record."

■ It is Cowan's contention in this case that the Commission had no jurisdiction, or exceeded its jurisdiction, in these proceedings which culminated in the denial of his application for registration and that this court should disregard the action and orders of the Commission and make its own determination of his right to carry on his operation under the partial exemption contained in the second proviso, Section 206(a) (1) of the Interstate Commerce Act. With this contention the Court cannot agree. The Congress in passing the Interstate Commerce Act conferred this jurisdiction upon the Commission. Cowan recognized this in making his application for registration (Commission Form BMC 75) and in his subsequent participation in the hearings and re-hearings before the Commission. If Cowan has been denied rights to which he is entitled a remedy is available to him under proceedings as provided by law. 49 U. S.C.A. § 17(9) ; 28 U.S.C.A. § 2325.

As was said in Southwest Freight Lines, Inc., v. Interstate Commerce Commission, 8 Cir., 184 F.2d 149, at page 151, a case in which an interpretation of Southwest's certificate of public convenience and necessity was requested, after the Commission had previously interpreted and defined Southwest's rights thereunder, "In this action we are not concerned with the validity of the limitations which the Commission has seen fit, in the exercise of the authority committed to it by Congress, to place upon the rights granted the appellant. Our function is at an end when it is seen what those limitations are. If appellant has been denied rights to which it is entitled, a remedy is available to it in other proceedings as provided by law."

■ There is no question in the Court's mind but what the Commission's order of October 5, 1953 is a reviewable order under the criteria set forth in Rochester Tel. Corp. v. U. S., 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147, and this Court in this case cannot review the proceedings before the Commission leading up to the issuance of its October 5, 1953 order. This must be done by the statutory three judge court. This order amounted to a final determination against Cowan in the proceedings before the Commission and is binding upon Cowan until set aside in the manner provided by statute. 49 U.S.C.A. § 17(9) ; 28 U.S.C.A. § 2325.

**250**

■ As was also said in the Southwest Freight Lines, Inc., case, supra, "In proceedings under 49 U.S.C.A. § 322 (b), the courts may not usurp the jurisdiction of the Commission by granting appellant what the Commission has denied. The appellant may not convert the present action into a direct attack on the validity of the order of the Commission evidenced by the certificate in this case." Citing Interstate Commerce Commission v. Consolidated Freight Ways, Inc., D.C., 41 F.Supp. 651–655; Interstate Commerce Commission v. G. & M. Transfer Co., Inc., D.C., 64 F. Supp. 302.

There being no dispute that Cowan had engaged in the transportation operation as alleged in plaintiff's complaint, this Court can do nothing less than grant the relief prayed for by the plaintiff.

Counsel will prepare formal Findings of Fact, Conclusions of Law and a Decree in accordance with this opinion.