McBRIDE'S EXPRESS, INC., Plaintiff,
v.
UNITED STATES of America and Interstate Commerce Commission,
Defendants,
and
Yellow Transit Freight Lines, Inc.,
Intervening Defendant.

No. 1599–D.

United States District Court
E. D. Illinois.

Nov. 6, 1958.

Mack Stephenson, Springfield, Ill., Foreman, Meachum & Clapper, Danville, Ill., for plaintiff.

James Y. Piper, Asst. Atty. Gen., John C. Danielson, Dept. of Justice, Washington, D. C., for defendants.

Thomas C. Stifler, Danville, Ill., for intervening defendants Yellow Transit Freight Lines, Inc.

Clifford M. Raemer, U. S. Atty., E. St. Louis, Ill.,

Before PARKINSON, Circuit Judge, PLATT, Chief Judge, and JUERGENS, District Judge.

PLATT, Chief Judge.

McBride's Express, Inc., of Mattoon, Illinois, brought this action under Title 28 U.S.C. §§ 1336, 1398, 2284, and 2321 through 2325, inclusive, to set aside the orders of the Interstate Commerce Commission in a proceeding under §§ 206(b) and 207(a) of the Interstate Commerce Act, (49 U.S.C.A. §§ 306(b), 307(a)), wherein the Commission denied the plaintiff's application for extension of its certificate of public convenience and necessity and refused to reopen the case. Plaintiff sought authority to operate as a common carrier of general commodities over irregular routes "between points in Illinois bounded by a line beginning at Springfield, Illinois, and extending along U. S. Highway 36 to Chrisman, Illinois, thence along Illinois Highway 1 to Marshall, Illinois, thence along U. S. Highway 40 to East St. Louis, Illinois, thence along U. S. Highway 66 to point of beginning, including points on said highway, on the one hand, and, on the other, Decatur, Illinois, restricted to interchange traffic at Decatur moving to or from points beyond." At the time of the filing of this application plaintiff already possessed authority to operate as a common carrier of general commodities in interstate commerce over irregular routes between St. Louis, Missouri, and a certain area in Illinois. The application was duly heard before a joint board on December 17 and 18, 1956 in Springfield, Illinois, where plaintiff and other carriers appeared by counsel. January 16, 1957, the joint board recommended that an order be entered denying the application. Plaintiff filed exceptions and replies were made by protestants, Hayes Freight Lines, Inc., and Yellow Transit

Freight Lines, Inc. Division 1 of the Commission considered the evidence of record, the joint board's recommendations, plaintiff's exceptions, the reply thereto by the protestants, and denied plaintiff's application.

July 23, 1957 plaintiff petitioned the Commission to reconsider the report of Division 1 and to grant the requested certificate, or in the alternative to re-open the case and to admit certain evidence of its past unauthorized operations which had been excluded at the hearing. Protestants replied. After considering the record the Commission denied the petition and refused to reconsider or to reopen the cause

> "for the reasons that (1) the findings of Division 1 are in accordance with the evidence and the applicable law, and (2) the additional evidence which petitioner offers to present, if received, would not change the findings already made in this proceeding."

Plaintiff thereupon filed the instant complaint and Yellow Transit Freight Lines, Inc. was permitted to intervene as a defendant. The issues to be determined by this court are:

(1) Whether by the exclusion of certain of plaintiff's evidence it was deprived of a full and fair hearing; and

(2) Whether the action of the Interstate Commerce Commission is based upon adequate findings that are supported by substantial evidence in the record.

It appears from the transcript of the evidence that during the period 1952–1956, protestant, Yellow Transit Freight Lines, Inc., was operated under the supervision of a federal court, and that during this period when its service was curtailed in Illinois, McBride's Express, Inc., rendered the interstate service for which it now seeks a certificate. Yellow Transit has re-emerged, and together with Hayes Freight Lines was ready to serve the public need. Plaintiff nevertheless attempted to prove a present and future public necessity. To this end it offered in evidence abstracts of its past operations over the routes in question.

Because its existing interstate certificate did not authorize service in these areas, and there was nothing to lend color of authority to the operations, the joint board excluded plaintiff's abstracts from the evidence. Plaintiff urges this exclusion to have been error inasmuch as the operations could have been by color of right under an intrastate certificate, and because evidence of past operations in *good faith* was admissible and entitled to consideration along with other evidence of record. Marvin J. Haigis and Kneeland G. Nichols, Extension—Vermont and New Hampshire No. MC 26056, 5 F.C.C. (Federal Carrier Cases) 362, par. 31081, March 7, 1946. It is argued that the relevance of such evidence is beyond question and that refusal by the agency to receive and consider proffered evidence which was competent and material amounts to denial of due process. Donnelly Garment Co. v. N. L. R. B., 8 Cir., 1942, 123 F.2d 215.

Plaintiff has neglected to include in the transcript certified to this court the abstracts of past operations which it claims to have been erroneously excluded from the evidence. It is not necessary for a proper disposal of this case, however, that such portions should have been certified, for on the basis of the following relevant portions of the transcript it is clear that this evidence was properly excluded.

> "Q. Mr. McBride when did you institute operations in interstate commerce through Decatur, Illinois? A. In the early part of 1952.
>
> "Q. Was it your idea at that time that these operations were legal? A. It was.
>
> "Q. Do you have intrastate authority in this same territory? A. I do.
>
> "Q. What commodities, for the record, does that include? A. That includes general commodites, [sic] I presume with the exceptions on it.
>
> "Q. With exceptions? A. Yes.
>
> "Q. For how long did these operations continue? A. They continued up until, I believe it was—

"Mr. Marshall [appearing for N. C. Slater, Inc.] (interrupting): Wait just a moment. If the Examiner please, I want to object to any operations performed by the applicant that weren't legal. Certainly an unlawful operation couldn't prove the need for any service.

\* \* \* \* \* \*

"Mr. Brody: [Hearing officer, joint board] Objection will be sustained.

"Mr. Hewitt: [appearing for applicant] I believe that these operations over this period of years is very germain [sic] to the issues and it should be left to the Commission to decide what weight they will give them.

"Mr. Brody: You can argue that a little later in your arguments.

\* \* \* \* \* \*

"Mr. Brody: While we are at it, we might just as well prove up what authority he has on the intrastate because in the state of Illinois we don't have any general commodities with exceptions. Have you got the certificate number?

"Q. (By Mr. Hewitt) Do you know the certificate number? A. Possibly there is no exceptions on it because it reads general commodities. I didn't bring it with me.

"Q. Do you know the extent of it as far as Decatur? A. Based at Decatur, Illinois, and it is 50 miles radius from there anywhere in the state of Illinois, to anywhere in the state of Illinois, and return within that 50 miles radius with general commodities.

"Mr. Brody: I think the certificate would be best. What he is describing there is two authorities. He is trying to describe the local and the specialized.

\* \* \* \* \* \*

"The Witness: I don't think I have got specialized.

"Mr. Brody: He says he doesn't think he has specialized. What I am trying to get to now if Decatur is more than 50 miles to St. Louis he would be outside that area.

"Mr. Marshall: If the Examiner please, the best evidence of his operating authority in Illinois, would be the certificate itself.

"Mr. Brody: That is what I am trying to lead to. If we haven't got that we ought to establish the number.

"Mr. Stephenson: I don't know what relevancy it has myself.

"Mr. Brody: The witness has testified that he thought he was doing it legally on account of his intrastate.

"Mr. Stephenson: You ruled out the intrastate.

"Mr. Tomlinson: I don't believe that was his testimony.

"Mr. Brody: What I ruled out was the illegal operation.

"Mr. Stephenson: There is a question whether it is illegal or not.

"Mr. Brody: That is what I asked him.

"Mr. Marshall: He admitted it was illegal.

"Mr. Tomlinson: He didn't say it was based upon his intrastate operation.

"Q. (By Mr. Hewitt) Can you produce the intrastate certificate? A. I can't produce it right now.

"Q. No, but probably before the hearing is up? A. Before the hearing is up. I can possibly call home or get somebody to bring it, or could we get a copy of it from the Springfield office.

"Mr. Brody: Too late to get a copy, it would take more time.

"The Witness: I can call home. It is in the safe.

"Mr. Hewitt: All right, we can do that before the hearing is over."

■ From this colloquy it is obvious that the hearing officer was attempting to determine whether the past operations of McBride's Express, Inc., were performed under sufficient color of authority to permit the offered exhibits to

be received in evidence. In order for such evidence to be entitled to admission and consideration in determining whether there was a present or future need for resumption of such past operations, it is a prerequisite that such operations must be shown to have not been unlawful or at least conducted under some color of right. Bowman Transportation, Inc., Extension-Aluminum Products, February 11, 1953, MC–94201, 9 F.C.C. (Federal Carrier Cases) 596, par. 32720; Miller and McGee-Control-Ferguson Freight Lines, Inc., October 6, 1953, MC–F–4374, Interstate Commerce Commission Reports, 59 Motor Carrier Cases 506, 509–510. Cf. Inland Motor Freight v. United States, D.C.E.D.Wash. 1945, 60 F.Supp. 520. Such color of right could not be supplied by plaintiff's existing interstate certificate which allowed service in Illinois only from St. Louis, Missouri. Hence the conclusion that the 1952 through 1956 operations of plaintiff would have been illegal under its interstate certificate was clearly warranted. Southwest Freight Lines v. Interstate Commerce Commission, 8 Cir., 1950, 184 F.2d 149.

> "The Commission is an administrative body and * * * is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. Interstate Commerce Commission v. Baird, 194 U.S. 25, 24 S.Ct. 563, 48 L.Ed. 860. But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. * * * All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal." Interstate Commerce Commission v. Louisville & N. R. Co., 1913, 227 U.S. 88, 93, 33 S.Ct. 185, 187, 57 L.Ed. 431, 434.

Also see Automobile Sales Co. v. Bowles, D.C.N.D.Ohio E.D.1944, 58 F.Supp. 469, 472.

■ The oral evidence offered in lieu of the intrastate certificate was most unreliable, uncertain and of no probative value. Since the protestants objected to the oral testimony of the contents of the intrastate certificate as not being the best evidence, the hearing officer was justified in rejecting the abstracts of the prior operations without that certificate being in evidence. Chambless v. Woods, 5 Cir., 1950, 182 F.2d 342. Plaintiff had the opportunity to produce the intrastate certificate and it cannot now complain that it was denied a full and fair hearing under the circumstances here.

■■ The second issue presented is whether the action of the Commission was based upon adequate findings supported by substantial evidence. The joint board found that public convenience and necessity did not require the operation for which plaintiff sought authority and recommended a denial of a certificate of convenience. Division 1 found that plaintiff failed to establish present or future public convenience and necessity and denied the application. The Commission also denied the certificate. The burden of proof was upon the plaintiff to prove affirmatively that present or future public convenience and necessity required this service. Sinett v. United States, D.C.N.J.1955, 136 F.Supp. 37. The record discloses that the plaintiff produced certain witnesses who testified that they preferred the services of McBride's Express, Inc., but this was evidence of mere preference and not of need. However, the protestants produced evidence from which it could be reasonably inferred that the existing transportation service furnished by Hayes Freight Lines, Inc., and Yellow Transit Freight Lines, Inc. was adequate for the territory; that they had unused capacity to handle more business which the protestants needed and for which they were actively soliciting in the area. Since the Commission's findings were adequate and were supported by substantial evidence in the record this court must not disturb them. Virginian

Ry. Co. v. United States, 1926, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463; Riss & Co. v. United States, D.C.W.D.Mo.1951, 100 F.Supp. 468, affirmed 342 U.S. 937, 72 S.Ct. 559, 96 L.Ed. 697, rehearing denied 343 U.S. 937, 72 S.Ct. 769, 96 L.Ed. 1344.

For the reasons stated the complaint must be dismissed.