72

TENNESSEE-CAROLINA TRANSPORTATION, INC., HOOVER MOTOR EXPRESS COMPANY, INC., SUPER SERVICE MOTOR FREIGHT COMPANY, INC., and JOHNSON FREIGHT LINES, INC.

*v.*

CAYCE PENTECOST, JOHN L. HAMMER, and HAMMOND FOWLER, constituting the Tennessee Public Service Commission, and POTTER FREIGHT LINES, INC.

362 S.W.2d 461.

(*Nashville,* December Term, 1961.)

Opinion filed November 9, 1962.

J. C. HUTCHESON, Nashville, for petitioner Tennessee-Carolina Transportation, Inc.

MACLIN P. DAVIS, JR., Nashville, for petitioner Hoover Motor Express Co., Inc.

ROBERT H. COWAN, Nashville, for petitioners Super Service Motor Freight Co., Inc. and Johnson Freight Lines Co., Inc.

GEORGE SHUFF, Nashville, for defendants Cayce Pentecost et al.

JAMES CLARENCE EVANS, Nashville, FARRIS, EVANS & EVANS, Nashville, of counsel, for defendant Potter Freight Lines, Inc.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion the appellants, Tennessee-Carolina Transportation, Inc., Hoover Motor Express, Inc., Super Service Motor Freight Company, Inc., and John-

son Freight Lines, Inc., will be referred to herein as "Protestants," the appellee members of the Tennessee Public Service Commission will be referred to as the "Commission," and the appellee, Potter Freight Lines, Inc., will be referred to as "Potter."

Potter prior to December 7, 1960 held two certificates as a motor carrier from the Commission one authorizing transportation between Nashville and Sparta, serving intermediate points, and the other authorizing transportation of property between Chattanooga and Monterey, between Crossville and Sparta and between Crossville and Jamestown.

Potter made application to the Commission under Chapter 119, Public Acts of 1933, as amended (Sections 65-1501 through 65-1525, T.C.A.) to transport property between Chattanooga and Nashville, which application was heard by the Commission in August 1960. Protestants duly appeared before the Commission at this hearing to protest the granting of this certificate. On December 7, 1960 the Commission entered an order amending these two certificates authorizing Potter to transport general commodities between Nashville and Chattanooga. Thereupon Protestants filed their petition for certiorari in the Chancery Court of Davidson County, where the Chancellor after hearing dismissed the petition. Protestants now appeal to this Court.

The first issue raised by the assignments of error is whether Section 65-417, T.C.A., applies to orders of the Commission in granting certificates to motor carriers. This section states the Commission shall not grant a certificate for a proposed route, plant, line or system, or extension thereof until it has first been determined the

facilities of the existing route, plant, line, or system are inadequate to meet the reasonable needs of the public. The Commission in the instant case did not make such finding and Protestants assign this as error.

Chapter 4, Title 65, T.C.A., deals with the regulation of "public utilities" by the Commission, and Section 417 there was enacted by Section 2, Chapter 87, Public Acts of 1923. Chapter 15, Title 65, T.C.A., deals with the regulation of "motor carriers" by the Commission and was enacted by Chapter 119, Public Acts of 1933.

The first section (401) of Chapter 4, Title 65, T.C.A., defines what is included in the term "public utility" and among many other things includes "all other common carriers." Protestants take the position since by definition all common carriers are included under Chapter 4, Title 65, T.C.A., then Section 417 thereof applies to issuance of certificates to motor carriers as in the instant case.

Section 65-417, T.C.A., has not been repealed or modified by direct reference in any later act of the legislature. Since Sections 65-417 and 65-1507, T.C.A., cover the same subject matter in regard to issuance of certificates by the Commission to motor carriers; then the question for decision here is whether Section 65-417, T.C.A., has been repealed by implication on the particular point at issue by enactment of Chapter 119, Public Acts of 1933. (Code Sections 65-1501 through 65-1525. T.C.A.)

When two distinct enactments cover the same subject matter the last act will be held to repeal by implication the prior. However, it is well settled that repeals by implication are not favored, and the former act will not

be held to be repealed by later enactment, unless there is irreconcilable repugnancy, between the two, or the new law is evidently intended to supersede all prior acts on the matter in hand and comprise in itself the sole and complete legislation on the subject. *Stonega Coke & Coal Co. v. Southern Steel Company,* 123 Tenn. 428-440, 131 S.W. 988, 31 L.R.A.,N.S., 278.

■ Statutes which suspend the operation of prior repugnant acts by implication are not subject to the strictures of Articles 2, Section 17 of our Constitution. *Chicago & Southern Air Lanes, Inc. v. Evans,* 192 Tenn. 218, 240 S.W.2d 249.

■ Although a later act may not cover the entire subject-matter of an earlier act, nor purport to provide a new system, if the later act is repugnant and irreconcilable on a particular point, it will operate as a repeal by implication to the extent of the repugnance and conflict. *Crenshaw v. Texokola Pecan Shellers, Inc.,* 171 Tenn. 273, 102 S.W.2d 60.

■ We think these Code Sections 65-417 and 65-1507, T.C.A., are repugnant to each other. The Commission in issuing a certificate is required by Section 65-1507 to give reasonable consideration to the several factors set out therein, but the predominant consideration is the needs of the people of the state, or in the words of the statute "public convenience and necessity will be promoted." *Associated Transport, Inc. v. Fowler,* 206 Tenn. 642, 337 S.W.2d 5. To require the Commission to first find there is inadequate service to meet the reasonable needs of the public over the route proposed as required by Section 65-417, T.C.A. would in effect make adequate or inadequate service the predominant issue.

After a careful reading of all Chapter 15 of Title 65, T.C.A., it clearly appears the legislature intended this act to be complete legislation on this subject at least insofar as to previous statutes which might be in conflict therewith.

Protestants in support of their position cite the case of *Aladdin Industries, Inc. v. Associated Transport, Inc.*, 42 Tenn.App. 52, 298 S.W.2d 770. Their contention being under authority of this case Chapter 4 of Title 65, T.C.A., applies to motor carriers. In this case Section 422, thereof was cited along with four other sections out of other chapters of Title 65 in support of the general proposition a carrier has a duty to serve all shippers alike. This is not authority for Protestants in the instant case.

It results enactment of Section 65-1507, T.C.A., suspends by necessary implication the operation of Section 65-417, T.C.A., insofar as said Section 417 applies to the issuance of certificates to motor carriers. The first three assignments of error are overruled.

The other assignments of error raise the issue of whether there is material and competent evidence to support the finding of the Commission.

It appears this matter of Potter hauling freight between Nashville and Chattanooga has been in controversy for several years. Potter from September 1956 until May 1958 was under injunction of the Chancery Court of Davidson County prohibiting such action. Potter made application to the Commission to be allowed to abandon certain small segments included in the two certificates it held. This was done in order for Potter to come within the terms of the so-called Joe Davis Act Section 65-1508,

T.C.A., then in effect, which by tacking under this section would have allowed Potter to haul between Nashville and Chattanooga. After the lifting of the injunction in May 1958 Potter operated between Nashville and Chattanooga until April 6, 1960 at which time this Court in the case of *Tennessee-Carolina Transportation, Inc. v. Pentecost*, 206 Tenn. 551, 334 S.W.2d 950 held the action of the Commission in allowing Potter to abandon these small segments was void.

■ Potter in support of its application in the instant case offered evidence of prior operations between Nashville and Chattanooga. To this evidence Protestants objected and assign as error on the ground these operations were illegal and the evidence therefore incompetent.

On this point the Commission in its order stated as follows:

"The Commission would point out that at the hearing it excluded any evidence of convenience and necessity predicated upon Nashville-Chattanooga through service performed by the applicant Potter during any of the time that applicant was enjoined by the Chancery Court of Davidson County, Tennessee, from rendering such service, and that in arriving at the conclusions set forth herein no such operations were considered by the Commission as a supplying proof of the need for the additional authority herein sought by the applicant."

Protestants state in their brief there are no Tennessee cases determining this question, but cite the case of *McBride's Express, Inc. v. U. S.*, D.C., 173 F.Supp. 539. The Court in this case made the following statement:

"In order for such evidence to be entitled to admission and consideration in determining whether there was a present or future need for resumption of such past operations, it is a prerequisite that such operations must be shown to have not been unlawful or at least conducted under some color of right."

Potter's operations from the time it obtained the order from the Commission to tack as stated above until the decision of this Court voiding this order of the Commission on April 6, 1960 operated under color of right. The Commission could and did consider evidence of the operations during this period.

We have examined the record and find there is ample material evidence to support the finding of the Commission. *Blue Ridge Transportation Co. v. Pentecost*, 208 Tenn. 94, 343 S.W.2d 903.

It results all assignments of error are overruled and the judgment of the Chancellor affirmed.