TENNESSEE-CAROLINA TRANSPORTATION, INC., et al.

*v.*

CAYCE PENTECOST et al.

(*Nashville,* December Term, 1959.)

Opinion filed April 6, 1960.

552

WALTER HARWOOD, ROBERT H. COWAN and J. C. HUTCHESON, Nashville, for Tenn-Carolina, et al.

ALFRED T. MACFARLAND and PHILLIP REED, Lebanon, for Defendants, Potter Freight Lines, et al.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This lawsuit grows out of an Order of the Tennessee Public Service Commission, decreeing that P o t t e r Freight Lines, Inc., are authorized to abandon a portion of the certificate of convenience and necessity to operate between Jamestown, Tennessee, and Crossville, Tennessee, and Monterey, Tennessee, serving intermediate points. The petition was filed in the Chancery Court insisting that the Commission was without legal authority to enter the Order under the statutes, particularly Section 65-1514, T.C.A.

The Order of the Commission was based upon what it considered to be its authority under said Section. The Chancellor properly held that under the first portion of this Section of the Act the motor carrier had the right "to abandon or discontinue any service established under the provision of this Chapter," upon order of the Commission "and only after hearing upon notice." His memorandum then goes on to hold what the meaning of the second section of the statute is and decrees that the only authority of the Commission is to authorize abandonment or discontinuance of any service and not to abandon a

segment of the certificate of convenience and necessity. After so holding the Chancellor dismissed the bill. The complainants in that bill, Tennessee-Carolina and other carriers, appealed as did the defendant, Potter Freight Lines. The Commission has not appealed. We, after hearing argument, reading briefs and authorities, now have the matter for disposition.

■ At the time of the hearing of this mattter before the Commission the so-called Joe Davis Act (T.C.A. sec. 65-1508) was in full force and effect. The effect of this Act was to give a carrier, who holds two certificates meeting the standards of criteria contained in that Act, the right to lawfully join or tack the two certificates and transport freight for hire between the extreme termini of both certificates.

At the time of the hearing before the Commission Potter Freight Lines held certificates authorizing service between Nashville, Tennessee, on the one hand, and Crossville, Tennessee, on the other hand. It also held a certificate authorizing service between Chattanooga, Tennessee, on one hand and Monterey, Tennessee, on the other hand. These certificates, however, did not meet the requirements of the Joe Davis Act for tacking, and Potter could not lawfully transport freight between Chattanooga, Tennessee, on the one hand for example and Nashville, Tennessee, on the other hand.

The Chancery Court of Davidson County in a previous law suit, involving the right of Potter to transport freight from Chattanooga to Nashville, had permanently enjoined Potter from solicitation or transportation of property between Chattanooga on the one hand to Cookeville or Sparta on the other. At a later date Potter was

held in contempt for violating the injunction prior to the Order of the Commission now in question.

Contention, and the meat in the coconut, in the present lawsuit is that if Potter is allowed to abandon a segment of his certificate of convenience and necessity under the Order of the Commission, then he would be able to tack his two certificates together because Monterey and Cookeville are eliminated, and could come from Chattanooga to Nashville and thus compete with Tennessee-Carolina Transportation and those on that side of this litigation in the hauling of freight over this route. This, of course, then becomes the interest of Tennessee-Carolina Transportation and the group on that side in the interpretation of the Order of the Commission in allowing Potter to abandon the portion, or segment, of his certificate that is shown by the Order of the Commission to be abandoned.

Potter demurred to the bill herein and upon the overruling of the demurrer, he relied on the same proposition in his answer that Tennessee and those associated with it had no interest in the matter and therefore had no right to litigate the question. We think though by the proof offered before the Commission, and certain stipulations therein, that a sufficient interest is shown to allow these parties to enter this litigation.

The question then is here squarely presented as to what authority the Commission has under the statute (sec. 65-1514, T.C.A.) in passing upon the request or application of a motor carrier to voluntary abandon a portion of a certificate. As said above, we think the Chancellor correctly held that under this Section, and particularly the first paragraph thereof, that it only

"gives a motor carrier the right to 'abandon or discontinue any service established under the provisions of this Chapter' upon 'order of the Commission' and 'only after hearing upon due notice'."

Under the provisions of the Motor Carrier Act of Tennessee (Sections 65-1501 through 65-1524, T.C.A.) as it existed at the time the Order herein complained of was made, there were only two ways by which a carrier could acquire authority to operate between given points as a common carrier for hire; that is, (a) by applying for a certificate of convenience and necessity under the provisions of Section 65-1507, T.C.A., and by the Commission issuing the certificate after a hearing, or (b) by acquiring or holding two or more certificates of convenience and necessity which are end to end, so to speak, and under which the requirements of the Joe Davis Act (Section 65-1508, T.C.A.) would apply.

██ By allowing an abandonment of a section of the certificate as apparently done by the Commission herein, they have in effect created another way different from that authorized by statute in which this certificate of convenience and necessity, or the right to travel over highways that they did not have otherwise, which is not authorized by statute. The powers of the Commission must be found in the statutes. If they are not there, they are non-existent. If the interpretation is given to the Order of the Commission herein complained of as desired by Potter, that is, that we take out Monterey etc., and that the two certificates may be tacked with the result that they have a route from Chattanooga to Nashville, the Commission has done something that it has no authority to do under the statute. The statute plainly auth-

orizes the Commission upon a proper hearing after notice, etc., to allow a certificate holder to abandon or discontinue service, but it does not authorize the abandonment or discontinuance of a segment of a certificate, so that something can be done indirectly which could not be done directly.

In other words, if they could do what Potter contends that it can do under this Order of the Commission, then it amounts to allowing Potter to do something that the Chancery Court of Davidson County enjoined it from doing under the certificates which it held. Of course, if Potter applied under the statute for a new certificate and was granted a certificate over this route in competition with Tennessee and others, the Commission would have a right to do this under Section 65-1507, T.C.A., but the Act in question does not permit what was done. In other words, reiterating what we have said two or three times heretofore, the Chancellor correctly interpreted the meaning of this Act as to merely abandon service, not abandon certificate. Thus service may be abandoned temporarily or for any length of time as the Commission thinks best under public necessity, but the Commission is not authorized under this statute to abandon a segment of the certificate and allow the accomplishments of the things which could happen, if this is done.

We are of opinion, therefore, that as far as the Chancellor went he was correct, but that he should have gone further and held and issued a directive to the Commission that all authority that they had was to issue an order of abandonment or discontinuance of service, but that said order could have no effect whatsoever upon the certificate itself and thus the abandonment and discontinuance of service did not affect the certificates of convenience and

necessity which the Order related to so that they could be tacked together under the Joe Davis Act and thus change their route which they did not theretofore have. With this in mind we remand the case to the Chancery Court for further orders and disposition in accordance with the views herein expressed. The costs of the cause will be taxed against Potter.