Douglas B. Tune and wife Ann B. Tune,
Plaintiffs-in-Error,

*v.*

State of Tennessee, Department of Highways and
Public Works, by City of Nashville,
Defendant-in-Error.

360 S.W.2d 24.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

Hooker, Keeble & Harris, Nashville, for plaintiffs in error.

George F. McCanless, Attorney General, David M. Pack, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

Plaintiffs-in-error, Douglas B. Tune and wife, Ann B. Tune, were the owners of certain property sought to be condemned for public use by the defendant-in-error, State of Tennessee, Department of Highways and Public Works, by the City of Nashville.

A petition for condemnation was filed, and there was paid into the office of the Clerk of the Court the sum of $20,751.00, representing the value of the land so condemned, according to the petition.

The defendants, Tune and wife, answered the petition, admitting the right of the State to so condemn, but demanded a trial by jury to fix the true damages. Upon the trial the jury fixed the damages at $41,250.00. An order was entered for this amount to which there was credited the original sum paid into the Registry of the Court, leaving a balance due of $21,824.60, including interest, "for which let execution issue".

The judgment became final and upon the failure of the Condemnor to pay said judgment the Condemnees caused to be issued a fieri facias, resulting in a garnishment against the First American National Bank in Nash-

ville seeking to reach certain funds on deposit in that bank to the account of the State of Tennessee.

Following the issuance of this execution and the service of the garnishment, the State moved to quash the same for the following reasons:

"1. The said execution and the garnishment issued pursuant thereto constitute an effort to reach the treasury of the State of Tennessee contrary to the provisions of Article I, Section 17, Constitution of Tennessee, and Section 20-1702, Tennessee Code Annotated.

"2. The State of Tennessee is a sovereign body and its property and funds are not subject to execution and garnishment.

"3. The laws relating to executions, Sections 26-401 to 26-416, Tennessee Code Annotated, are not applicable to the property and funds of the State of Tennessee.

"4. The laws relating to garnishments, Sections 26-501 to 26-517, Tennessee Code Annotated, are not applicable to the property and funds of the State of Tennessee."

The decree of the Court approving the verdict of the jury and assessing the damages aforesaid was entered on October 19, 1961. The fieri facias was placed in the hands of the sheriff on November 29, 1961, and was executed by him on the same date.

The motion to quash was filed on the 5th day of December, 1961, and an order was entered on the 2nd day of January, 1962 sustaining said motion. In the same order the plaintiffs-in-error were permitted to appeal

the action of the Court in sustaining the motion to quash, the order reciting that the motion of the landowners for a new trial was overruled.

The said order of January 2, 1962 further recites:

"Upon motion of Plaintiff, State of Tennessee, Department of Highways and Public Works, by City of Nashville, that it be permitted to pay into the registry of the Court the amount of the judgment heretofore rendered against plaintiff with costs incident to the original proceeding in this cause and accrued interest to the date of the deposit of the funds in the registry of the Court in full satisfaction of the judgment heretofore rendered against the Plaintiff, the Court is pleased to and grants said motion and it is therefore accordingly so ordered, said payment not to prejudice the landowners appeal which has been prayed and granted."

Counsel for both parties have filed extensive briefs, one in support of the action of the Court in sustaining the motion to quash and the other in opposition thereto.

The defendant-in-error, State of Tennessee, has filed a motion in this Court to dismiss the appeal herein because:—(1). The issues presented by this appeal are now moot; and (2) There is no controversy on appeal which would entitle the parties to any relief which has not heretofore been granted and an adjudication by this Court would not declare the rights of any real parties in interest.

The question of whether or not the Trial Court committed error in sustaining the motion to quash is now moot. The effort of the landowners to have the judg-

ment paid has been successful. They have been paid in full together with interest on the judgment to the date of payment. The purpose of the judgment has, therefore, been satisfied and there is nothing left for this Court to act upon. If we sustain the assignments of error and reverse and remand the case we perform an idle gesture and accomplish nothing. If we overrule the assignments of error and sustain the action of the Trial Court no benefit will accrue to either litigant.

If we accede to the urging of the plaintiffs-in-error and sustain their position we do an idle ceremony because they have suffered no wrong about which they now have any right to complain. Therefore, the appeal perfected by them is an appeal from nothing. In other words, they no longer have any interest in this case since their judgment has been satisfied in full.

It was the duty of the State, of course, to abide by the order of the Court and to pay the judgment promptly when due. And its failure to do so has occasioned unnecessary inconvenience, trouble and expense.

"The rule is well established that review proceedings are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the rights of some party to the litigation. Accordingly, an appeal or error proceeding will be dismissed if the question presented by it is fictitious, or has been become moot or academic, or if, without any fault of the appellee or defendant in error, an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief." 3 American Jurisprudence, Section 733, pages 308-309.

In the case of *State ex rel. Wilson v. Bush,* 141 Tenn. 229, 231, 208 S.W. 607, 608, the Court discussed the question of moot issues on appeal. In that case a bill was filed to oust the sheriff from office, which bill was dismissed by the Chancellor. From his action an appeal was perfected, and during the pendency of the appeal, the term of the office of the sheriff expired. The Court speaking through Mr. Justice Green, later Chief Justice, said:

"We think the motion to dismiss the appeal is well taken and should be granted, and that the court cannot retain jurisdiction of an ouster suit where the defendant's term of office has expired, where nothing can be done upon decree here except to tax costs."

"Under such circumstances, courts of last resort ordinarily decline to proceed, and appeals in such plight are usually dismissed."

For the reasons indicated above, we conclude that since this judgment has been satisfied in full, the questions made on appeal are moot and any order that we might enter here would be ineffectual.

Therefore, the motion to dismiss this appeal in error is granted.