JAMES D. BOYCE, R. T. MATTHEWS, RAY WILLIAMS and
BARRY M. CARTER, Appellants,

*v.*

ALBERT WILLIAMS, Commissioner of Insurance and Bank-
ing of the State of Tennessee, University National Life
Insurance Company and South Coast Life Insurance
Company, Appellees.

389 S.W.2d 272.

(*Nashville,* December Term, 1964.)

Opinion filed April 7, 1965.

706

TAYLOR & TAYLOR, Memphis, DENNEY, LEFTWICH & LACKEY, Nashville, for appellants.

JOHN HEISKELL, Memphis, MARNE S. MATHERNE, Assistant Attorney General, Nashville, for appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Complainants below, appellants here, were stockholders of University National Life Insurance Company, a Tennessee corporation, prior to its merger with South Coast Life Insurance Company, a Texas corporation. Appellants, with other stockholders of University, protested the merger.

University and South Coast entered into an agreement to merge or consolidate under the laws of Texas.

The defendant, the Commissioner of Insurance and Banking of this State, approved the merger agreement on October 11, 1963, which was recorded in the office of the Secretary of State on the same date. University's certificate of cessation of existence was filed and recorded in the office of the Secretary of State on October 14, 1963.

On November 4, 1963, appellants presented to Honorable Sam L. Felts, Jr., a petition for the common law writ of certiorari and supersedeas. He ordered the petition filed and that notice be given defendants a hearing on the petition would be heard on November 19, 1963.

On that date appellants were permitted to amend their petition so as to allege, in the alternative, they were entitled to a review de novo of the commissioner's approval of the merger agreement by the statutory writ of certiorari. Judge Felts heard the matter and took it under advisement and on December 27, 1963, he entered an order dismissing the petition.

Appellants filed a motion for a new trial in which it was insisted the court erred in dismissing the petition because there was no evidence to sustain the judgment and the preponderance of the evidence was otherwise.

The trial judge filed a memorandum opinion in which he found the remedy for a review of an order or judgment of a board or commissioner is by a writ of certiorari and supersedeas as provided in T.C.A. Section 27-801 et seq. He found the commissioner had merely performed an administrative or ministerial duty in approving the merger agreement, and the remedy for review was by the common law writ of certiorari and not by the statutory writ of certiorari.

He further found the commissioner had jurisdiction to construe T.C.A. sec. 56-1303 (d) which provides that whenever a domestic insurance company "[h]as, by articles of consolidation, contract of reinsurance or otherwise, transferred or attempted to transfer its entire property or business not in conformity with the laws of this state, or entered into any transaction the effect of which is to merge substantially its entire property or business in any other company, without having first obtained the written approval of the commissioner pursuant to the provisions of this chapter.

*    *    *    *    *    *

"Then the commissioner shall report any such case to the attorney-general of this state whose duty it shall be to apply forthwith, in the name of the commissioner, to a court of competent jurisdiction of the county in which the principal office of such company is located, for an order directing such company, upon such notice as the said court may prescribe, to show cause why an order to rehabilitate or liquidate the company should not be entered, as provided in this chapter, and for such other relief as the nature of the case and the interests of its policyholders, creditors, members, stockholders or the public may require. Such order to show cause and the service thereof, as prescribed in this chapter, shall constitute legal process in lieu of any other process otherwise provided by law."

He found appellants had failed to show the requisites for the issuance of the common law writ of certiorari, namely, (1) the commissioner had exceeded his jurisdiction or acted illegally, (2) there was no other plain, speedy, or adequate remedy except certiorari, and (3) the case is of such merit as to call for the exercise of the court's discretion to issue the writ.

Accordingly, he overruled the motion for a new trial. Appellants have appealed and insist here they were entitled to the statutory writ of certiorari and a review de novo of the action of the commissioner.

The petition alleged the commissioner held a public hearing before making his order of approval of the merger agreement on September 9, 1963, at which time he stated he had no authority to approve or disapprove the proposed merger; but, on October 11, 1963, he entered the order without notifying any of the protesting stockholders of University or their Attorneys.

It is also alleged in the petition that T.C.A. Section 56-1303(d) has no application; and, therefore, the commissioner was without authority to approve the agreement.

The petition sets forth numerous fraudulent acts of the directors of University leading to the merger agreement and alleged the agreement of University was illegally and fraudulently procured.

The prayer of the petition was for an order vacating the action of the commissioner in approving the agreement; that the merger be enjoined and the assets of the two corporations be segregated; or, in the alternative, in the event the court should find the merger had been consummated, then, the court order the assets of the corporations segregated and they be enjoined from proceeding as a consolidated company.

In appellants' brief filed in this Court, it is stated:

"There is only one question before the Court on this appeal:

"Are the conditions and provisions prescribed in T.C.A. 27-801, the so-called common law certiorari, prerequisites to relief granted under the terms of T.C.A. 27-802, the statutory writ of certiorari, where a review is sought of the act of a State Officer as a substitute for appeal where no appeal is provided by law?

"The Court answered the question 'Yes.'

"Appellants contend that Sections 27-801 and 27-802 are independent of one another and that the question should be answered 'No.'

"This Court in *McGee v. State*, 207 Tenn. 431 [340 S.W.2d 904] and *Hewgley v. Trice*, 207 Tenn. 466, [340 S.W.2d 918] held that Sections 27-801 and 27-802 constitute separate and distinct forms of review of an inferior tribunal, board or officer exercising judicial functions and were not to be confused one with the other."

We think appellants are mistaken in their construction of the trial court's opinion. He simply held, as we have pointed out, that the commissioner performed a ministerial or administrative duty when he approved the merger agreement as opposed to a judicial function; and, therefore, the remedy was the common law writ of certiorari and not the statutory writ.

Article 6, Section 10, of our constitution provides:

"The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation."

T.C.A. Section 27-801 provides:

"Constitutional basis.—The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

T.C.A. Section 27-802 provides:

"Certiorari lies: (1) On suggestion of diminution; (2) where no appeal is given; (3) as a substitute for

appeal; (4) instead of audita querela; (5) instead of writ of error."

■ ■ Thus, it is clear that if the inferior tribunal, board, or officer is exercising judicial functions, then, in that event, either writ may be employed to review the action of such inferior tribunal. The review, however, under the common law writ is limited to a determination whether the "inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally." *Hoover Motor Express Company v. Railroad and Public Utilities Commission,* 195 Tenn. 593, 261 S.W.2d 233 (1953).

"Under the common law writ of certiorari, questions of law only will be reviewed by the Courts." *Hoover Motor Express Company v. Railroad and Public Utilities Commission,* supra.

■ The statutory writ of certiorari is authorized, in lieu of appeal, to correct errors of fact and law committed by an inferior tribunal. The review is de novo.

The trial judge recognized the distinction between the two by holding an administrative act or function is reviewable by the common law writ of certiorari and not by the statutory writ.

■ The act of the commissioner in approving the merger agreement did not amount to a final determination of the right of the two companies to merge. The approval of the agreement did not cut off or prevent a suit by appellants in a court of competent jurisdiction for appropriate relief upon a showing the agreement was fraudulently and illegally procured as alleged.

■ Had the commissioner found University was attempting to merge not in conformity with the laws of

this state; or had entered into the merger agreement and was attempting to merge without his written approval, then it was his duty to report the matter to the Attorney General of this State whose mandatory duty it would have been to apply to a court of competent jurisdiction, in the name of the commissioner, for an order directing University to show cause why an order to rehabilitate or liquidate the company should not be entered.

█ Thus, the approval of the merger agreement by the commissioner was not a final adjudication of the right of University to merge.

Moreover, our merger statutes do not empower the Commissioner with any such authority.

"The powers of the Commission must be found in the statutes. If they are not there, they are non-existent." *Tennessee-Carolina Transp. v. Pentecost,* 206 Tenn. 551, 334 S.W.2d 950 (1960).

█ An appeal lies from a final judgment. Thus, as held by the trial judge, the commissioner's action in approving the agreement is not reviewable by the statutory writ of certiorari. However, a final judgment is not a prerequisite to the issuance of the common law writ whenever "an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." *State ex rel. Conner v. Herbert,* 127 Tenn. 220, 154 S.W. 957 (1912) ; *Taylor v. Continental Tennessee Lines,* 204 Tenn. 556, 322 S.W.2d 425 (1959); *Bragg v. Boyd,* 193 Tenn. 507, 246 S.W.2d 575 (1951).

█ Whether the common law writ of certiorari will issue is a matter of discretion. It is not issued as a matter

of right. *Hewgley v. Trice,* 207 Tenn. 466, 340 S.W.2d 918 (1960).

■■■■ The trial judge did not abuse his discretion in dismissing the petition because appellants had a plain, speedy, and adequate remedy in a court of competent jurisdiction despite the approval by the commissioner of the agreement.

We think there is still another valid reason appearing in this record why the action of the trial judge should be sustained.

This record shows that appellants, or some of them, and their Attorneys were at the hearing allegedly conducted by the commissioner on September 9, 1963, and knew at the time the merger agreement had been executed by University. True it is alleged in the petition that the commissioner stated at that time he had no authority to approve or disapprove the merger, but later approved the merger without notice to the appellants or their Attorneys.

Thus, appellants knew the merger agreement had been executed as of that date, if not sooner. The record further shows they knew the commissioner had approved the merger within a reasonably short time thereafter.

Instead of filing a bill for appropriate relief in a court of competent jurisdiction to prevent or enjoin the merger, appellants brought this proceeding.

As stated, the approval of the merger agreement by the commissioner did not close the doors of the courts to appellants.

Th appeal in this case was perfected to the Court of Appeals, Middle Division. The record was filed in that

Court on May 4, 1964. There are three orders in the record which by the last order extended the time for filing assignments of error in that Court to August 19, 1964. On that day at the request of appellants an order was entered in the Court of Appeals transferring the case to this Court.

The case was set for trial in this Court on December 9, 1964. On November 19, 1964, upon the request of appellants, the case was continued to the next term of this Court at Nashville. The case was heard in this Court on March 2, 1965.

Should we now grant the relief sought and remand the case to the trial court for trial it would only amount to further delay.

University has now been merged with a foreign corporation and we dare say most, if not all, its assets are in a foreign state and out of the jurisdiction of the courts of this state.

Thus, the courts of this state cannot grant to appellants any effectual relief and to now remand the case for a trial would be a useless gesture on our part. The question of whether the commissioner's approval of the merger should be vacated or whether appellants are entitled to an injunction and a segregation of the assets of University as prayed for in the petition have become moot.

"[A] moot case is a case which seeks to get * * * a judgment on some matter which, when rendered, cannot, for any reason, have any practical legal effect upon a then existing controversy; a case in which no relief can be granted, or in which no judgment ren-

dered can be carried into effect." 1 C.J.S. Actions sec. 17, p. 1017.

"It is not the practice of courts to decide cases after the time when judgment may be made effective, or to decide questions after their decision has become useless, merely to ascertain who is liable for costs." 1 Am.Jur. (2d), Actions, Section 57, page 588.

Courts "will not express an opinion in a case in which no practical relief can be granted, or which can have no practical effect." 1 C.J.S. Actions sec. 17, p. 1015.

Where "cases which pending litigation or appeal have become moot will be dismissed as such." *McCanless, Commissioner, v. Klein*, 182 Tenn. 631, 188 S.W.2d 745 (1945); *State ex rel. Wilson v. Bush*, 141 Tenn. 229, 208 S.W. 607 (1918); *Jones v. Nat. Bank of Com. in Memphis*, 193 Tenn. 126, 244 S.W.2d 430, 431 (1951); *Sobel v. Whittier Corp.*, 195 F.2d 361 (6th Cir. 1952).

"The rule is well established that review proceedings are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the rights of some party to the litigation. Accordingly, an appeal or error proceeding will be dismissed if the question presented by it is fictitious, or has [been] become moot or academic, or if, without any fault of the appellee or defendant in error, an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief." 3 American Jurisprudence, Appeal and Error, Section 733, pages 308-309; *Tune v. State*, 210 Tenn. 478, 360 S.W.2d 24 (1962); *Southall v. Billings*, 215 Tenn. 244, 385 S.W. 2d 97 (1964).

Where it appears the act to be enjoined has been consummated, an action for an injunction presents only a moot question and will be dismissed. *Malone v. Peay,* 157 Tenn. 429, 7 S.W.2d 40 (1928); *Tennessee Pub. Serv. Co. v. City of Knoxville,* 170 Tenn. 40, 91 S.W.2d 566 (1935).

The judgment of the trial court dismissing the petition for the writ of certiorari and supersedeas is affirmed.