**SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff-Appellee,**

v.

**TENNESSEE PUBLIC SERVICE COMMISSION, Frank D. Cochran, Keith Bissell, Jane Eskind, Commissioners, Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 15, 1984.

Henry Walker, Donald L. Scholes, Nashville, for defendants-appellants.

Raymond C. Whiteaker, Jr., T.G. Pappas, Bass, Berry & Sims, Nashville, for plaintiff-appellee.

OPINION

TODD, Presiding Judge, Middle Section.

(There was no application for permission to appeal to the Supreme Court, but this abridged opinion has been approved for publication under Rule 10 of the Court of Appeals.)

The Tennessee Public Service Commission has appealed from the judgment of the Chancellor reversing an order of the Commission requiring South Central Bell Telephone Company to refund to its customers certain amounts collected from them by

authority of an order of the commission granting a "temporary increase".

On May 20, 1980, the Telehpone Company filed with the Commission a petition for approval of increased rates for the year, 1981. Part of the basis for the request was anticipated action of the Federal Communications Commission which would increase depreciation expenses of the company by $27 million per year.

At the hearing the vice-president of the Telephone Company urged the Commission to place the requested rates into effect and offered to post a bond to refund the increase if the Federal Communications Commission did not take the anticipated action.

On November 20, 1980, the Commission entered an order providing:

> That the permanent tariffs filed on November 19, 1980, which produce additional annual revenues of $21,200,000, not subject to refund, are hereby approved, effective November 20, 1980.

> That the tariffs filed, subject to refund, on November 19, 1980, which produce additional annual revenues of $28,-144,000, subject to possible refund and rate adjustments, as heretofore described in this order, are hereby approved, effective November 20, 1980.

On November 21, 1980, the Telephone Company filed the necessary bond and placed both approved increases into effect.

As a result of changes in regulations of the Federal Communications Commission, on October 18, 1982, the Commission ordered the Telephone Company to refund $6,418,000 to its customers.

On petition for review to the Chancery Court, the Chancellor held that the Commission had no authority to allow a rate increase on condition subject to refund; that such action in the November 20, 1980, order was invalid; and that, as a consequence, the order of October 21, 1983, ordering the $6,418,000 refund was invalid. However, inasmuch as the Company "has not appealed from $1,290,000 of the refund", that part of the order was left in effect.

The Commission asserts that its authority to fix tentative or temporary rates subject to refund arises from its general power to fix rates on its own initiative whenever existing rates become "unjust, unreasonable, excessive, insufficient....".

■ Upon a study of the applicable statutes, especially TCA § 65–5–203, this Court concludes that the Legislature never intended to extend retroactive rate-making power (ordering refunds) beyond that expressly stated in § 65–5–203. This is supported by the maxim of *Inclusio Unius est Exclusio Alterius.* The express inclusion of one (person or thing) (implies) the exclusion of all others. The cited statute provides for narrowly circumscribed power to grant tentative rates under bond for a limited time under emergency circumstances which were not found by the Commission and are not shown in this case. It must therefore be presumed that:

(1) the Legislature considered that the Commission had no general or inherent power to set tentative rates subject to refund, else the special grant of power would have been unnecessary;

(2) if the Legislature had intended that the Commission have broader powers than those conferred, the statute would have been composed in broader terms.

■ Tennessee authorities support a strict construction of the statutory powers of a utilities board. *Tennessee-Carolina Transportation, Inc. v. Pentecost,* 206 Tenn. 551, 334 S.W.2d 950 (1960); *Pharr v. Nashville C. & St.L.Ry.,* 186 Tenn. 154, 208 S.W.2d 1013 (1948).

■ The commission cites authority from other jurisdictions to support its claim of inherent power to fix "temporary rates". In each of the cited cases, the rates in question were "temporary" in the sense that they were made effective for the period while the case was pending before the board and before final judgment of the board. A similar order by a court would be termed a "pendente lite" order. The present order was not such an action. It was a final order, terminating all issues,

subject to a reopening of the case upon future contingencies. The present order was more of a "tentative" or "conditional" order than a temporary order. There is no question of the authority of the Commission to "reopen" a case for the purpose of changing previously approved rates. The question is the authority of the Commission to reserve the right to change rates retroactively thereby requiring a refund.

This Court is satisfied that the Commission does not have the authority to exercise the latter authority (as in the present case). That is, if the Telephone Company had neither suggested nor acquiesced in the order at the time it was entered, but had filed a timely petition for judicial review, this Court is satisfied that the order would have been reversed and vacated as ultra vires.

However, this is not what occurred. The Telephone Company suggested the order, took no exception to it, did not seek review of it, and proceeded to reap the benefits of it by charging and collecting the increased rates.

It has been held that the acceptance and retention of benefits may estop an attack upon the validity of an administrative order. 2 Am.Jur.2d Administrative Law § 487, p. 294 n. 11.

In *Brown v. Humble Oil & Ref. Co.*, 126 Tex. 296, 83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393, it was held that one who applied to an oil and gas commission for a permit to drill and was granted such permit under a rule of the commission was not in a position to attack the validity of the rule under which they "received and now hold their benefits", citing *Baker v. Coman*, 109 Tex. 85, 198 S.W. 141.

In *Callanan Road Improvement Co. v. United States*, 345 U.S. 507, 73 S.Ct. 803, 97 L.Ed. 1206 (1953), it was held that one who has invoked the power of the Interstate Commerce Commission to approve a transfer of a certificate of public convenience is estopped to deny the power of the Commission to issue the certificate in the form in which it existed prior to the transfer.

In *Federal Power Commission v. Colorado Interstate Gas Co.*, 348 U.S. 492, 75 S.Ct. 467, 99 L.Ed. 583 (1955), it was held that, where a gas company applied for approval of a merger and proposed that, as a condition of approval, any loss sustained in gasoline operations be excluded from cost of dry gas in setting gas rates, and where said condition was accepted, the merger was approved and the gas company obtained the benefits of the merger, it could not while retaining the benefits of the merger attack the validity of the condition, even if such attack would have been proper otherwise.

The foregoing authorities support the position of this Court in the present case that, after proposing that relief be granted for anticipated expenses on condition that the benefits of the relief be relinquished by refund to the extent that the anticipated expenses did not become reality, by failing to challenge the validity of the November 20, 1980, order by timely petition for review, by placing in effect the rates conditionally raised and by collecting the extra revenue generated thereby, the Telephone Company is estopped to deny the validity of the action it sought and from which it has benefitted.

This Court concurs in the finding of the Commission that the Telephone Company has derived an excess profit or "windfall" of $6,418,000 as a result of being granted a tentative rate increase to offset additional depreciation expense, part of which expense, was never incurred. This Court also concurs in the position of the Commission that tax and other savings attributable to the change in depreciation rules should be taken into consideration in making a determination of the net effect of the change in depreciation rules.

If the Telephone Company should be allowed to retain its "windfall profits" because of the invalidity of the Commission order, it would face the possibility of a class action by its patrons for unjust enrichment, or it would be confronted with its

retention of excess profit in the consideration of future rate increases. Thus, in the judgment of this Court, a just resolution of the controversy is inevitable and would be only delayed by a ruling favorable to the Telephone Company in this case.

The judgment of the Chancellor is modified to conform to the conclusions stated herein.

All costs, including costs of this appeal, are taxed against the Telephone Company.

The Order of the Commission is affirmed.

The cause is remanded to the Chancery Court for necessary further proceedings.

Modified and Remanded.

LEWIS and CANTRELL, JJ., concur.