# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

E. L. (ELDRED) REID,                    )
                                        )
        Petitioner/Appellant,           )
                                        )    Appeal No.
                                        )    01-A-01-9803-CH-00168
VS.                                     )
                                        )    Davidson Chancery
                                        )    No. 97-118-II
W. G. LUTCHE, LEGAL ASST.,              )
et al.,                                 )
                                        )
        Respondents/Appellees.          )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR


E. L. (ELDRED) REID
Special Needs Facility 15-A, 11-A
7575 Cockrill Bend Industrial Road
Nashville, Tennessee 37209-1057
        Pro Se/Petitioner/Appellee

JOHN KNOX WALKUP
Attorney General and Reporter

KIMBERLY J. DEAN
Deputy Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243


AFFIRMED AND REMANDED


                                BEN H. CANTRELL,
                                PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.

# O P I N I O N

An inmate in the custody of the Department of Correction filed a petition for declaratory judgment and/or for writ of certiorari, to challenge a prison disciplinary conviction and alleged irregularities in the prison grievance procedure. The trial court dismissed the petition. We affirm.

## I. Administrative Proceedings

Our understanding of the facts of this case is incomplete, because the petition and other documents filed in the trial court by prison inmate E.L. (Eldred) Reid are largely incoherent. However, by reading those filings in conjunction with his brief on appeal, we gather that while he was incarcerated at the Northwest Correctional Center (NWCC), Mr. Reid was convicted of being in possession of medications not permitted by regulations. His punishment included disciplinary segregation and loss of sentence reduction credits. Mr. Reid claimed that the medications were not his, and that someone else deliberately placed them with his other property.

Mr. Reid subsequently filed a series of requests for declaratory orders with the Department of Correction. These requests are not in the record, and it is therefore impossible to determine their substance. However, Mr. Reid attached to his petition a letter from W.G. Lutche, legal assistant to the Department of Correction, denying the requests. The letter is dated November 22, 1996.

Mr. Reid filed his petition for declaratory judgment or writ of certiorari on January 10, 1997. As respondents, Mr. Reid named Commissioner of Correction Donal Campbell, NWCC Warden Fred Raney, Correctional Sergeant Terry Hopper, and W. G. Lutche. Mr. Lutche was apparently never served with process. We note

that when asking for either declaratory judgment under the UAPA or for writ of certiorari, the proper party for Mr. Reid to name as respondent would have been the Department of Correction, because ultimately only the Department can give him the relief he seeks.

Mr. Reid also apparently attempted to win a reversal of his disciplinary conviction by using the grievance procedure established pursuant to Tenn. Code Ann. § 41-21-804 et seq. He claimed in his petition that the statute creating the grievance process was unconstitutional, and also complained that the Department did not follow the procedures set out in the statute.

Respondents Fred Raney, Terry Hopper, and (in his official capacity only) Commissioner Donal Campbell, filed a Tenn. R. Civ. P. Rule 12.02(6) motion to dismiss the petition for failure to state a claim upon which relief can be granted. The trial court granted the motion as to all respondents on August 13, 1997. This appeal followed.

**II. Declaratory Judgment**

Mr. Reid's petition asked the chancery court to grant him a declaratory judgment and/or a writ of certiorari. The Uniform Administrative Procedures Act (UAPA), Tenn. Code Ann. § 4-5-101 et seq., permits the court to determine "[t]he legal validity or applicability of a statute, rule or order of an agency. . . ," and to render a declaratory judgment if the "complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order." Tenn. Code Ann. § 4-5-224.

The State argues that Mr. Reid is not entitled to the benefits of the UAPA, since the disciplinary policies whose application he objects to are not "rules"

as that term is defined in the Act. The Act defines a rule as "each agency statement of general applicability that implements or prescribes law or policy or describes the procedures or practice requirements of any agency." Tenn. Code Ann. § 4-5-102(10). The term excludes "[s]tatements concerning only the internal management of state government and not affecting private rights, privileges or procedures available to the public." Tenn. Code Ann. § 4-5-102 (10)(A). Under the UAPA, rules must be promulgated by a lengthy process which includes public hearing, approval by the attorney general, and publication by the secretary of state.

The uncertainty this language has created as to whether the UAPA is applicable to prison disciplinary policies and procedures was resolved by a recent decision of our Supreme Court, *Mandela v. Campbell*, 978 S.W.2d 531 (1998). Because of the ambiguity of Tenn. Code Ann. § 4-5-102(10), the Court had to examine related statutes to determine the legislative intent in this matter. In doing so, it found that the legislature had provided the Department of Correction with broad discretionary power to handle its disciplinary responsibilities without submitting to the rule-making requirements of the UAPA.

Further, the legislature amended Tenn. Code Ann. § 4-5-102(10) in 1998 by specifically excluding "[s]tatements concerning inmates of a correctional or detention facility" from the definition of rules which are governed by and interpreted under the UAPA. (1998 Public Acts, Chapter 740). Since the Act also excludes "disciplinary and job termination proceedings for prisoners" from the definition of "contested cases" under the UAPA, Tenn. Code Ann. § 4-5-106(b), the *Mandela* opinion and the 1998 amendment have clearly shut the door on any future use of the UAPA to challenge disciplinary proceedings in the Department of Correction.

We note however, that even if we found that the UAPA permitted the court to review the application of the Department's disciplinary policies to Mr. Reid,

he would still not be entitled to relief. A court may declare a rule or order invalid under the UAPA "only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency . . . or otherwise violates state or federal law." Tenn. Code Ann. § 4-5-224(c). The numerous filings Mr. Reid has submitted contain general allegations of irregularities related to the materials and resources (or lack of them) made available to enable him to prepare for his defense, but the facts alleged are simply not sufficient to support his contention that the Department acted unconstitutionally or illegally, or that it failed to substantially follow its own procedures.

As for Mr. Reid's claims regarding the grievance procedure, he did not state any arguments to support his contention that the statute creating the procedure is unconstitutional. Further, as the chancellor noted, Mr. Reid failed to file the affidavit required by Tenn. Code Ann. § 41-21-806(a):

> (a) An inmate who files a claim that is subject to review by the grievance committee established by the department shall file with the court an affidavit stating the date that the grievance was filed and the date the final decision was received by the inmate with a copy of the final decision from the grievance committee.

Without the affidavit and other supporting materials, the chancellor was unable to determine whether Mr. Reid's disciplinary conviction was even subject to grievance review, let alone whether the grievance process was abused. Thus, there can be no meaningful review of the appellant's grievance claims, whether considered under the UAPA or under the writ of certiorari.

### III. Writ of Certiorari

The scope of review permitted under a petition for a common-law writ of certiorari, Tenn. Code Ann. § 27-8-101, like that afforded by a petition for declaratory judgment, is very narrow. The writ may be granted only if "an inferior tribunal" (in this case, the disciplinary board) can be shown to have exceeded its jurisdiction or to have acted illegally, fraudulently or arbitrarily. *Yokley v. State*, 632 S.W.2d 123 (Tenn. App. 1981); *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn. App. 1994). Mr. Reid has presented no facts to indicate that the disciplinary board exceeded its jurisdiction, or that it acted illegally, fraudulently or arbitrarily. Thus, the common law writ does not apply.

But Mr. Reid also claims that he is entitled to a statutory writ of certiorari under Tenn. Code Ann. § 27-8-102. The scope of review under the statutory writ is a bit broader than that under the common-law writ, in that it permits the reviewing court to examine the intrinsic correctness of the decision of the inferior tribunal. *Boyce v. Williams*, 389 S.W.2d 272, 276 (Tenn. 1965). Mr. Reid cites an unpublished case by the Western Section of this court, *Williams v. Department of Correction*, App. No. 01A01-9503-CV-00046 (filed Jackson, October 2, 1995) in support of his argument. In that case, the court reversed the trial court's determination that it did not have jurisdiction to use the statutory writ to examine Mr. Williams' claim that he was denied due process during a disciplinary hearing.

The State argues that the *Williams* case was decided wrongly. The appellee notes that the statutory writ only applies to judicial proceedings, and contends that disciplinary proceedings before prison authorities (though not governed by the UAPA) should be properly understood as being administrative in nature.

The State cites two cases of our Supreme Court in support of this thesis: *State ex rel Turner v. Gore,* 175 S.W.2d 317 (Tenn. 1943), and *Ray v. State*, 577 S.W.2d 681 (Tenn. Crim. App. 1978). While neither of these cases is completely on

point (both of them involved the question of whether double jeopardy applies when the same conduct is subject both to criminal prosecution and disciplinary sanctions) the court declared in both of them that a prison disciplinary board is an administrative body, and that it does not exercise judicial functions.

In any event, the disposition of this case does not require us to address that issue, as the remedy of certiorari, whether of the common-law or statutory variety, is not available to petitioners as of right. Its grant is within the sound discretion of the trial court, *Boyce v. Williams*, 389 S.W.2d 272, 277 (Tenn. 1965), and it is usually not issued in the absence of unusual or extraordinary circumstances. *Clark v. Metropolitan Government*, 827 S.W.2d 312 (Tenn. App. 1991). Mr. Reid's petition in the trial court did not present any such circumstances. We therefore find that in dismissing his petition, the trial court acted well within its discretion.

## IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE