IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2004

## RALPH E. SCATES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 78942   Ray L. Jenkins, Judge**

---

**No. E2004-00585-CCA-R3-CO - Filed January 21, 2005**

---

The appellant, Ralph E. Scates, pled guilty to two counts of theft, attempted misdemeanor theft, and simple possession of marijuana.  He was placed on unsupervised probation for eleven (11) months and twenty-nine (29) days.  In January of 2004, the appellant filed a petition to expunge and seal records in both the cases in which he pled guilty and in previous cases, including several that had been dismissed or in which the grand jury had not returned a true bill.  The trial court dismissed the petition.  The appellant filed a timely notice of appeal challenging the trial court's dismissal of the petition.  Because the trial court properly denied the petition for expungement as to the cases which resulted in convictions, we affirm that portion of the trial court's judgment.  Because the trial court improperly denied expungement of the records relating to cases which were dismissed or where a no true bill was returned by the grand jury, we remand the case to the trial court for expungement of those records.  Accordingly, we affirm in part, reverse in part, and remand the case to the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in Part and Reversed in Part and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Ralph E. Scates, pro se, Beaver, West Virginia.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

From the scant record on appeal, it appears that on November 1, 2000, the appellant pled guilty to two counts of theft, one count of attempted misdemeanor theft, and one count of simple possession of marijuana. As a result, the appellant was placed on unsupervised probation for eleven (11) months and twenty-nine (29) days. On January 13, 2004, the appellant filed a "petition to expunge and seal records" in accordance with Tennessee Code Annotated section 40-27-109. In the petition, the appellant listed several warrant and docket numbers that he wished to have expunged. According to the trial court's order, the status of the warrants and docket numbers was as follows:[1]

Warrant No. 84254B - Dismissed
Warrant No. 207621 - Dismissed
Warrant No. 95370C - No true bill returned by the Grand Jury
Warrant No. 95364C - No true bill returned by the Grand Jury
Warrant No. 73913R - Dismissed
Warrant No. 1736 - Case not found
No. C79329 - Case not found

The trial court dismissed the petition, finding that the petitioner was not entitled to expungement on those cases in which he was convicted and that, as to the other cases, "the Tennessee Bureau of Investigation requires an Expungement Order prepared by an attorney following a specific form to be filed in order for the cases to be expunged."

The appellant filed a timely notice of appeal, challenging the trial court's dismissal of the petition.

Analysis

The appellant argues on appeal that the trial court erred by denying his petition for expungement. Specifically, he contends that the policy of the Tennessee Bureau of Investigation, requiring an attorney to prepare an expungement order before cases can be expunged, violates the First Amendment of the United States Constitution and the Bill of Rights. The State concedes that the trial court erred "by not dismissing those cases which had been dismissed or for which a no true

---

[1]Several other cases were listed in the appellant's petition, including: (1) Docket No. 65117; (2) Docket No. 65925; (3) Docket No. 70012; and (4) Docket No. 69191. These cases were not specifically addressed by the trial court, however, a printout from the Justice Information Management System attached to the petition indicates that all of these cases were either bound over to the grand jury or resulted in convictions.

bill was returned by the grand jury" but that the trial court properly denied the request for the expungement of records for those cases which resulted in convictions.

Tennessee Code Annotated section 40-32-101 provides for expungement of records. That statute states:

> All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

Tenn. Code Ann. § 40-32-101(a)(1). The statute also provides that if a defendant petitions the court after a court has entered a nolle prosequi in the defendant's case, the court shall order the public records expunged. Tenn. Code Ann. § 40-32-101(a)(3). Thus, the statute provides for the expungement of criminal records in four specific situations: (1) upon dismissal of the charge; (2) upon a return of no true bill; (3) upon a verdict of not guilty; and (4) upon the reversal of conviction on appeal.

The State notes at the outset of its brief that an appeal under Tennessee Rule of Appellate Procedure 3 was not available from either the grant or denial of a petition for expungement of record of criminal charges, but that a writ of certiorari was the proper method to correct a trial court's improper order concerning the expungement of records under Tennessee Code Annotated section 40-32-101(a)(1). We agree.

Tennessee Appellate Procedure Rule 3(b) enumerates those situations in which a defendant in a criminal action may appeal as of right. Tenn. R. App. P. 3(b). A defendant may appeal as of right from a judgment of conviction upon a plea of not guilty, in certain circumstances in which there has been a plea of guilty or nolo contendere, "from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Id. An appeal from the denial of an expungement petition is not contemplated in the rule. Further, in State v. Adler, 92 S.W.3d 397 (Tenn. 2002), the Supreme Court specifically held, "Because of the plain and unambiguous language of [Appellate Procedure] Rules 3(b) and 3(c), we conclude that neither the State nor a criminal defendant has the authority to appeal as of right an unfavorable ruling concerning an expungement order under Rule 3." Id. at 401.

Despite the fact that an appeal is unavailable under Tennessee Rule of Appellate Procedure 3, we must determine whether to permit the appeal to proceed as a petition for a writ of certiorari, as the Supreme Court did in Adler when it heard the State's appeal that the trial court erroneously granted an order of expungement. See id. at 401-03 (disagreeing with the State and concluding that defendant convicted of lesser-included offense is entitled to have record expunged of any greater offense for which jury returned not guilty verdict).

The common law writ of certiorari has been codified in Tennessee Code Annotated section 27-8-101. That section provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101. "Generally, the writ of certiorari is limited in application and does not normally lie to inquire into the correctness of a judgment issued by a court with jurisdiction." Adler, 92 S.W.3d at 401. Even so, "an appellate court is within its province" to grant the writ when the trial court's action is without legal authority. Id. A writ of certiorari is an order from a superior court to an inferior tribunal to send a complete record for review, so that the court can determine whether that tribunal has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. Yokley v. State, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981). The writ is not available as a matter or right; its grant or denial is within the sound discretion of the trial court and will not be reversed on appeal unless there is an abuse of discretion. Boyce v. Williams, 389 S.W.2d 272, 277 (Tenn. 1965).

Because the case herein involves an "allegation that the trial court acted without legal authority in denying the petition," and there is no other "plain, speedy, or adequate remedy," we will treat the appellant's petition as a writ of certiorari. See Adler, 92 S.W.3d at 401.

The trial court dismissed the petition on the basis that the "defendant is not entitled to have the cases he pled guilty to expunged and the Tennessee Bureau of Investigation requires an Expungement Order prepared by an attorney following a specific form to be filed in order for the cases to be expunged." Again, Tennessee Code Annotated section 40-32-101 states that a trial court "shall" expunge records, on petition by a defendant, in cases in which the charges have been dismissed or a no true bill is returned by the grand jury. A review of the record reveals that several of the appellant's cases were either dismissed or no true bill was returned by the grand jury, including: (1) Warrant No. 84254B; (2) Warrant No. 207621; (3) Warrant No. 95370C; (4) Warrant No. 95364C; and (5) Warrant No. 73913R.[2] Thus, the trial court erred in denying the petition as to these warrants. The trial court properly dismissed the petition relating to the cases which resulted in a conviction or for which no record of the disposition appears in the record. Accordingly, we reverse and remand the judgment of the trial court as to the warrants that were dismissed or where no true bill was returned by the grand jury for the entry of an expungement order in accordance with Tennessee Code Annotated section 40-32-101. We affirm the denial of the petition regarding the cases that resulted in convictions and the cases for which no record of the disposition appeared in the record.

---

[2]The appellant also contended that the records with warrant numbers 1736 and C79329 should be expunged. The appellant provided no record of the disposition of these cases, thus the trial court properly denied the request to have these cases expunged.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded for entry of an expungement order as contemplated by this opinion.

_____
JERRY L. SMITH, JUDGE