# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 18, 2011

## WAYFORD DEMONBREUN, II v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 09C-4297      Amanda McClendon, Judge**

---

**No. M2010-01775-COA-R3-CV - Filed May 18, 2011**

---

This petition was filed as a common law writ of certiorari in the circuit court of Davidson County to challenge the validity of the petitioner's 1998 felony convictions in the criminal court of Davidson County. The circuit court dismissed the writ finding it lacked jurisdiction to consider the petition and that the claims pertain to actions governed by the Tennessee Rules of Appellate Procedure for which there is no relief under a common law writ of certiorari. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Wayford Demonbreun, II, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Nicholas W. Spangler, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

This action was filed by the petitioner, Wayford Demonbreun, II, pro se, in the circuit court as a common law writ of certiorari. The petitioner is challenging the validity of his 1998 convictions in the criminal court of Davidson County of second degree murder and aggravated assault.[1] We have determined, as the trial court did, that a writ of certiorari does not lie for two reasons.

---

[1] *See State v. Wayford Demonbreun Jr.*, No. M1998-00239-CCA-WRM-PC, 2000 WL 236458, at *1 (Tenn. Crim. App. Mar. 3, 2000), *perm. app. denied* (Tenn. Sept. 25, 2000).

First, under the common law writ of certiorari, the reviewing court's inquiry is limited to whether the lower tribunal exceeded its jurisdiction, or "acted illegally, arbitrarily, or fraudulently."[2] *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (quoting *Hoover Motor Express Co. v. Railroad and Pub. Utilities Comm'n*, 261 S.W.2d 233, 238 (Tenn. 1953)). Review under the common law writ is limited to whether "the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." *Hoover Motor Exp. Co. v. Railroad and Public Utilities Commission*, 261 S.W.2d 233, 238 (Tenn. 1953); *see also Boyce v. Williams*, 389 S.W.2d 272 (Tenn. 1965); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981).

As noted above, the reviewing court's inquiry is limited to whether *the lower tribunal* exceeded its jurisdiction, or acted illegally, arbitrarily, or fraudulently. *See McCallen*, 786 S.W.2d at 638; *see also Hoover Motor Express Co.*, 261 S.W.2d at 238. In this case the reviewing court is the circuit court of Davidson County and the criminal court of Davidson County is not a "lower tribunal" to the circuit court of Davidson County. Therefore, as the circuit court correctly held, a common law writ of certiorari was not available in this case.

Second, the three claims presented by the petitioner, which are: (1) that the criminal court violated his constitutional rights by failing to have a hearing on his motion for new trial; (2) that the criminal court violated the rules of criminal procedure by failing to act as thirteenth juror; and (3) that the criminal court failed to proceed in accordance with Tenn. Code Ann. 17-1-305, fall within the purview of the Tennessee Rules of Appellate Procedure for which certiorari does not lie. *See* Tenn. Code Ann. §§ 27-8-101 and 102.

Cases in which a common law writ of certiorari lie (and do not lie) are stated in Tenn. Code Ann. §§ 27-8-101 and 102. Section 101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. *This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.*

---

[2]The statutory writ of certiorari is set forth in Tenn. Code Ann. § 27-8-102, and review under the statutory writ is by trial de novo. *McCallen*, 786 S.W.2d at 638 (citing *Roberts v. Brown,* 310 S.W.2d 197, 206-08 (Tenn. Ct. App. 1957)).

Tenn. Code Ann. § 27-8-101 (emphasis added). Moreover, as stated in the footnote, although Section 102 only applies to statutory writs, not common law writs, the statute repeats what is stated in Section 101, that writs of certiorari do "not apply to actions governed by the Tennessee Rules of Appellate Procedure." *See* Tenn. Code Ann. § 27-8-102.

## IN CONCLUSION

The judgment of the circuit court is affirmed, and this matter is remanded with costs of appeal assessed against the petitioner, Wayford Demonbreun, II, for which execution may issue.

_____
FRANK G. CLEMENT, JR., JUDGE