IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## MAURICE GARRETT v. STATE OF TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6313    Joe H. Walker, III, Judge**

————————————

**No. W2009-01201-CCA-R3-CO  -  Filed January 7, 2010**

————————————


The Petitioner, Maurice Garrett, appeals the trial court's denial of his pro se motion for writ of certiorari. The State has filed a motion requesting that this Court affirm the decision of the lower court, or, in the alternative, dismiss the appeal. After review of the pleadings and record before this Court, we conclude that the lower court properly denied the Petitioner's request for relief. Accordingly, the action of the lower court is affirmed pursuant to Rule 20, Tennessee Rules of Criminal Procedure.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ. joined.

Maurice Garrett, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.


### MEMORANDUM OPINION

In May 2003, the Petitioner Maurice Garrett entered guilty pleas to two counts of attempted second degree murder, one count of attempted especially aggravated robbery, one count of especially aggravated burglary, one count of reckless endangerment, and one count of felony possession of a weapon. See Maurice Garrett v. State, No. W2004-02367-CCA-R3-PC, 2005 WL 23333577, *1 (Tenn. Crim. App., at Jackson, Sept. 22, 2005). As a result of these convictions, the Petitioner is currently serving an effective twenty-year sentence as a range II, multiple offender. Id. In

1

December 2003, the Petitioner sought post-conviction relief, alleging that he was denied the effective assistance of counsel. The lower court denied relief and this Court affirmed the lower court's decision. Id.

On May 27, 2009, the Petitioner filed a pleading captioned "Motion for Writ of Certiorari" in the Lauderdale County Circuit Court. The Petitioner relied upon section 27-9-101, Tennessee Code Annotated, as authority for the pleading and asked the lower court to "review the procedure(s), the guilty plea, and the judgment heretofore imposed by the State of Tennessee. . . ." As grounds for relief, the Petitioner raised many complaints including claims that trial counsel was ineffective, post-conviction counsel was ineffective, he was denied a preliminary hearing, a material variance existed between the indicted offenses and the convicted offenses, and that the trial court acted in bad faith throughout the proceedings. By order entered this same date, the lower court denied relief. The lower court entered the following findings of fact and conclusions of law:

> Certiorari is not proper to review a guilty plea.
> Certiorari is for an agency decision and must be filed timely. Tenn. Code Ann. § 27-9-102 provides that a petition for writ of certiorari must be filed within sixty (60) days of the order or decision complained of. The sixty (60) day time limit is jurisdictional. Thandiwe v. Traughber, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994).
>
> If the petition was treated as a common law writ, it still must be dismissed. It is not the correctness of the decision that is subject to judicial review. . . , but the manner in which the decision is reached. If the agency or board reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review. . . . Powell, 879 S.W.2d at 873. See also Cooper v. Williamson County Bd. of Educ., 746 S.W.2d 176, 179 (Tenn. 1987) (explaining that "the scope of review under the common law writ does not ordinarily extend to a redetermination of the facts found by the administrative body"). Accordingly, his allegations do not state a claim for relief.
>
> If the petition is treated as one for habeas corpus relief, the petitioner is not entitled to relief. . . .
>
> If the petition is treated as one for post-conviction relief, this court has no jurisdiction. T.C.A. § 40-30-204 and 202. It was not filed within one year. In addition, Petitioner has sought post-conviction relief which was denied. . . .
>
> It is therefore ORDERED that the writ is denied, and the petition is dismissed.

The Petitioner timely filed a notice of appeal document from the lower court's order.

### A.  Writ of Certiorari

The lower court properly determined that relief was not available to the Petitioner under either 27-9-101 certiorari or the common law writ of certiorari. Section 27-91-01, Tennessee Code

Annotated, provides an avenue of appeal and review of "any final order or judgment of any board or commission functioning under the laws of this state. . . ." Section 27-9-101 is not a proper avenue for seeking redress of alleged constitutional violations arising from a criminal conviction.

The only other possible option was for the lower court to treat the motion as a petition for the common law writ of certiorari. It appears that the Petitioner's claims are not cognizable as such. The common law writ of certiorari has been codified in Tennessee Code Annotated section 27-8-101. Section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Generally, the writ of certiorari is limited in application and does not normally lie to inquire into the correctness of a judgment issued by a court with jurisdiction. State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002); State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978). A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the court can determine whether that tribunal has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. Yokley v. State, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981). The writ is not available as a matter of right; its grant or denial is within the sound discretion of the trial court, and will not be reversed on appeal unless there is abuse of that discretion. Boyce v. Williams, 215 Tenn. 704, 389 S.W.2d 272, 277 (1965). In the present case, the Petitioner does not allege that the lower court was without authority to render judgment or that the lower court exceeded its jurisdiction and/or acted illegally. The lower court did not abuse its discretion in denying the Petitioner's motion for writ of certiorari.

### B. Petition for Post-Conviction Relief

The Petitioner's pleading in the trial court was captioned "Motion for Writ of Certiorari." As grounds for relief, the Petitioner alleged, *inter alia*, that his guilty pleas were involuntary and that trial counsel was ineffective. Post-conviction relief is available as a means to remedy abridgements of any right guaranteed by the Tennessee or United States Constitution. T.C.A. § 40-30-103. The lower court considered the pleading as a petition for post-conviction relief.

The Petitioner's conviction was entered in May 2003. No direct appeal was taken from this conviction and sentence. His conviction became final thirty days after entry of the judgment. The Petitioner timely filed an original petition for post-conviction relief in December 2003. He was unsuccessful in his attempt to garner such relief.

The 1995 Post-Conviction Procedure Act (The "Act") governs all petitions for post-conviction relief filed after May 10, 1995, and provides for the filing of petitions within one-year statute of "the date of the final action of the highest state appellate court to which an appeal is taken, or . . . the date on which the judgment became final." T.C.A. § 40-30-102(a). The Act further contemplates the filing of only one petition for post-conviction petition. See T.C.A. § 40-30-102(c). "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Id. (Emphasis added). As the Petitioner had previously filed a petition for post-conviction relief in 2003, he may not now file a subsequent petition.

Notwithstanding, the Act provides that in "limited circumstances," a petitioner may move to reopen a post-conviction proceeding that has been concluded. Id. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

(1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or

(2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or

(3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

T.C.A. § 40-30-117(a)(1-3). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. T.C.A. § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. T.C.A. § 40-30-117(a)(3). The Petitioner alleges that his guilty plea was involuntarily entered, counsel was ineffective, that a material variance exists between the indicted offenses and his convictions, and that he was denied a preliminary hearing. The Petitioner's pleading considered as a motion to reopen fails to allege a ground under which a post-conviction petition may be reopened. The Petitioner's pleading fails if treated as one seeking post-conviction relief.

### C. Habeas Corpus

The lower court also considered the pleading as a petition seeking habeas corpus relief. We conclude that the lower court did not err in dismissing the petition. Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Id. at 163. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority

4

to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." <u>Stephenson v. Carlton</u>, 28 S.W.3d 910, 911 (Tenn. 2000). Thus, the determinative issue in every habeas corpus proceeding is whether the challenged judgment is void. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000).

Again, the Petitioner alleges that he is entitled to relief because his guilty pleas were involuntary, he received the ineffective assistance of counsel, he was denied a preliminary hearing, and a material variance existed between the indicted offenses and his convictions. These allegations merely render his convictions voidable and not void. The Petitioner has failed to state a ground upon which habeas corpus relief can be granted. The lower court did not err by refusing to grant the Petitioner relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**JOHN EVERETT WILLIAMS, JUDGE**